# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT,<br><br>- of -<br><br>STEPHEN SCHULTZ, as Owner of the "SCHULTZ SEA", a 2018 32' Pursuit 325, for Exoneration from or Limitation of Liability,<br><br>Petitioner. | Civil Action No.:<br><br>**ORDER RESTRAINING SUITS, APPROVING PETITIONER'S SECURITY, DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS** |

A Complaint for Exoneration from or Limitation of Liability ("Complaint") having been filed herein on December 19, 2019, by the above-named Petitioner, STEPHEN SCHULTZ, as Owner of the "SCHULTZ SEA", a 2018 32' Pursuit 325 (hereinafter, the "Vessel") for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure concerning any claims and/or losses arising or resulting from a fire, which occurred on about June 23, 2019 on the navigable waters of the United States, on Lake Tashmoo, as more fully described in the Complaint;

**AND** the Complaint having stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of **$1,000**, after the June 23, 2019 incident;

**AND** Petitioner has filed with the Court an *Ad Interim* Security sworn to on December 17, 2019, for the benefit of any and all claimants, with surety, equal to the amount or value of Petitioner's interest in the said Vessel, with interest at six percent (6%) per annum from the date hereof, executed by marine insurer **EVEREST NATIONAL INSURANCE COMPANY**.

**NOW,** on motion of attorneys for Petitioner, it is hereby:

**ORDERED** that the above-described *Ad Interim* Security, with interest as aforesaid, filed by Petitioner for the benefit of any and all claimants as security representing the Petitioner's interest in the Vessel, be and is **hereby approved**, and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the Vessel, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with **$1,000** as surety. In this event, Petitioner shall within thirty (30) days of the entry of an Order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **ON OR BEFORE THE _____ DAY OF _____, 20___,** or be defaulted; and that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Petitioner, Robert J. Murphy, Holbrook & Murphy, 238-240 Lewis Wharf, Boston, MA 02110, an Answer to the Complaint on or before the said date, unless the claim

has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that the aforesaid **Notice shall be published** in The Vineyard Gazette, a newspaper with a general circulation including Martha's Vineyard, Massachusetts, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and copies of said Notice shall be mailed by Petitioner in accordance with this rule to every person known to have any claim against the Vessel or Petitioner, or to their attorneys, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, their insurers, and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid alleged accident in the Complaint, **be and they hereby are restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest of the Vessel and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the Vessel and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated:

_____<br>U.S.D.J.